Carter v. Collins, et at. 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-131-CV

     DAVID M. CARTER,
                                                                                              Appellant
     v.

     JAMES A. COLLINS, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 26,670
                                                                                                    

O P I N I O N
                                                                                                    

      This is an attempted appeal by petition for writ of error from an order of dismissal signed
March 11, 1992. The trial court dismissed the cause prior to service of process, as provided by
section 13.001 of the Texas Civil Practice & Remedies Code, on the basis that the action's
"realistic chance of ultimate success is slight" and that the claim "has no arguable basis in law or
fact."



      David Carter, a prison inmate at the Hughes Unit, filed a pro se action in forma pauperis
against ten named employees of the Texas Department of Criminal Justice, Institutional Division. 
Carter sought damages and declaratory relief, pursuant to the Texas Tort Claims Act,


 for the
wrongful confiscation of his typewriter.
      To directly attack a judgment by a writ of error, the petition must: (1) be brought within six
months after the judgment was signed; (2) by a party to the suit; (3) who did not participate in the
actual trial; and (4) the error complained of must be apparent on the face of the record.



      In this case, Carter filed his petition on March 9, 1992, and the court signed the dismissal
order on March 11. On March 19, Carter, who apparently had notice of the dismissal within two
days, filed a Motion for Findings of Fact and Conclusions of Law, dated March 13. Although
Carter reasonably should have used the more speedy method of appeal,


 we hold that he did not
participate in the "actual trial of the case" within the meaning of Rule 45(b) of the Texas Rules of
Appellate Procedure by filing his petition.


 
      While the record reflects that Carter satisfied the first three requirements, no error appears
on the face of the record. Carter's petition did not allege a cause of action against a
"governmental unit."


 The Texas Tort Claims Act does not govern suits brought directly against
an employee of the State, regardless of the capacity in which he acted.


 Section 101.102(b) of the
Texas Civil Practice and Remedies Code requires the pleadings to "name as defendant the
governmental unit against which liability is to be established."


 Because Carter's petition failed
to meet the requirements of the Tort Claims Act, no error appears on the face of the record. 
      We affirm the court's dismissal order.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice


Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 5, 1992
Do not publish